UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | Case No. 2:25-cv-0966-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ANGEL R. ROBINSON, *et al.*, | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, brings this action against at least seven identified individuals, alleging that he has been robbed by defendants and others. ECF No. 9. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 13, and deny his remaining requests as moot, ECF Nos. 6 & 11. I will also grant plaintiff's request for a copy of his first amended complaint. ECF No. 12.[1]

---

[1] Plaintiff moved for copies of all his filings. *See* ECF No. 12. However, he does not indicate why he needs copies of his motions to proceed *in forma pauperis* or his various other filings. As a one-time courtesy, I will direct the Clerk of Court to provide plaintiff a copy of his first amended complaint, but plaintiff is reminded that it is his responsibility to keep copies of his filings.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As best I can tell, plaintiff alleges that Robinson, Kumel, Richards, Racial, Jim, Jack, and "a lot more people," robbed him, placed him in jail, and "set [him] up." ECF No. 9 at 3. He contends that Robinson and Kumel stole his money, Jack and Jim threatened his life, and

1  Richards, Racial, and another individual, McCarthy, stole his belongings and reported him to the
2  police for no reason. *Id.*

3  It appears that plaintiff is a pretrial detainee, but he does not state whether defendants are
4  state actors. *See generally id.* Moreover, it is unclear what law provides the basis for plaintiff's
5  claims. In his filing, he includes both a complaint for a civil case and a petition for habeas
6  corpus, *see id.* at 1, 18, and he points to no law, such as a constitutional amendment or statute, to
7  guide this court in analyzing his claims. *See generally id.* As it currently stands, the complaint
8  fails to provide notice to each defendant of the claims against him or her and fails to meet Rule
9  8's pleading requirements.

10  Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
11  plaintiff a chance to amend his complaint before recommending that this action be dismissed.
12  Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff
13  decides to file an amended complaint, the amended complaint will supersede the current one. *See*
14  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the
15  amended complaint will need to be complete on its face without reference to the prior pleading.
16  *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer
17  serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to
18  assert each claim and allege each defendant's involvement in sufficient detail. The amended
19  complaint should be titled "Second Amended Complaint" and refer to the appropriate case
20  number. If plaintiff does not file an amended complaint, I will recommend that this action be
21  dismissed.

22  Accordingly, it is hereby ORDERED that:

23  1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 13, is GRANTED.
24  Plaintiff's remaining requests to proceed *in forma pauperis*, ECF Nos. 6 & 11, are DENIED as
25  moot.

26  2. Plaintiff's request for copies, ECF No. 12, is GRANTED in part. The Clerk of Court
27  shall send, as a one-time courtesy, a copy of plaintiff's first amended complaint, ECF No. 9, to
28  plaintiff with this order.

3. Plaintiff's complaint, ECF No. 9, is DISMISSED with leave to amend.

4. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

5. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 1, 2025                          /s/ Jeremy Peterson
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE