UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | Case No. 2:25-cv-0966-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ANGEL R. ROBINSON, *et al.*, | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, alleges in his second amended complaint that six individuals have violated his Sixth, Seventh, and Eighth Amendment rights by robbing him, attacking him, and calling the police on him. ECF No. 17. The allegations fail to state a claim. I will give plaintiff a final opportunity to amend his complaint before recommending dismissal.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

While his allegations are difficult to understand, plaintiff appears to allege that Angela Robinson, Morgan Kumel, Eureka Richards, Michael Racial, and Kaitlin McCarthy violated his Sixth, Seventh, and Eighth Amendment rights by robbing him of his personal property, attacking him, and calling the police on him. ECF No. 17 at 2-3. He also alleges that they beat him with a tent stake. *Id.* at 3.

Plaintiff also filed a supplement to his second amended complaint, which contains a non-prisoner civil complaint and a habeas corpus petition. *See generally* ECF No. 19. The civil complaint includes the same allegations from the second amended complaint, but also brings claims against "Jim," Jack," and "a lot more people." *Id.* at 2. In his petition, plaintiff appears to challenge his charges for tasing a police officer and resisting arrest. *Id.* at 20-25. The supplement

also contains seemingly random handwritten pages and other documents, the relevance of which I cannot discern. *See generally id.*

Plaintiff's second amended complaint fails to state a cognizable claim. It appears that plaintiff is a pretrial detainee, but he does not state whether defendants are state actors. *See generally id.* Plaintiff purports to bring his claims under the federal constitution, but private individuals are generally not liable for constitutional violations unless the individual is willfully participating in a joint action with the state. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Plaintiff makes no such allegations, meaning he cannot bring his constitutional claims against these seemingly private parties.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a final chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 17, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:  June 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE