UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | Case No. 2:25-cv-0966-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| ANGEL R. ROBINSON, et al., | |
| Defendants. | |

Plaintiff, a pretrial detainee proceeding pro se, brings this action against several defendants, alleging that they robbed him. ECF No. 22 at 3. The allegations do not give rise to any viable section 1983 claim, and, since I have already afforded plaintiff an opportunity to amend, I now recommend that this action be dismissed without leave to amend. In so doing, I will order the Clerk of Court to assign a district judge to this action.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.  Analysis**

Plaintiff alleges that Angela Robinson, a police officer, and three other homeless defendants, robbed him on an unidentified date and under unidentified circumstances. ECF No. 22 at 3. I cannot tell how each defendant was allegedly involved in the robbery or how each might have otherwise violated plaintiff's rights. The absence of any context renders the complaint non-compliant with Rule 8, which demands more than an unadorned conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Additionally, as to the defendants other than Robinson,

private individuals cannot be liable under section 1983 unless the claimant alleges, and he does not, that they participated in some joint action with the state. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Finally, plaintiff's allegations that he has been awaiting trial in Butte County and would like the charges against him dropped are insufficiently related to the robbery claim and too vague to state any cognizable claim under either section 1983 or any converted habeas action.

Plaintiff has already been afforded an opportunity to amend and is no closer to stating a cognizable claim. Thus, I find it appropriate to recommend dismissal this action without leave to amend.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the third amended complaint, ECF No. 22, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  July 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE